IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-CV-02683-RBJ-KMT

ELLEN WESSLER and
MONTY WESSLER,

      Plaintiffs,

v.

COLONIAL NATIONAL MORTGAGE, a division of COLONIAL SAVINGS, F.A.,
WELLS FARGO BANK,
MORTGAGE ELECTRONIC REGISTRY SYSTEMS, INC.,
CASTLE STAWIARSKI, LLC,
JOHN or JANE DOES 1-1000, Unknown Investors,
JOHN ROES 1-20, Undisclosed mortgage aggregators, mortgage originators, loan sellers,
trustees of pooled assets, and/or trustees for holders of certificates of collateralized mortgage
obligations, and all unknown persons who claim any interest in the subject matter of this action,

      Defendants.

---

## ORDER

---

    The case is before the Court on (1) motions to dismiss filed Wells Fargo Bank and

Mortgage Electronic Registry Systems, Inc. [docket #38], Colonial National Mortgage, a

Division of Colonial Savings, F.A. [#60], and Castle Stawiarski, LLC [#79]; (2) the

Recommendation of United States Magistrate Judge Kathleen M. Tafoya that all three motions

be granted [#94]; and (3) plaintiffs' Objection to portions of the magistrate judge's

recommendation [#101].

**Standard of Review**

    The standards for considering Rule 12(b)(1) and 12(b)(6) motions to dismiss are well

known and are fully reiterated in Judge Tafoya's recommendation.  This Court must determine

de novo the part of the magistrate judge's recommendation to which plaintiffs objected,

essentially the part addressing Mrs. Wessler's claims.  Fed. R. Civ. P. 72(b)(3).  As for parts of

the recommendation to which no specific objections were made, essentially the part addressing

Mr. Wessler's claims, "[i]n the absence of timely objection, the district court may review a magistrate

[judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th

Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)("[i]t does not appear that Congress intended

to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other

standard, when neither party objects to those findings").

**Conclusions**

I have read the original Complaint [#2]; the Amended Complaint [#35]; the three motions

to dismiss; plaintiffs' responses to the motions [##45, 62 and 84]; defendants' respective replies

to those responses [##47, 66 and 93]; the magistrate judge's recommendation; plaintiffs'

objection; and the responses to the objection [## 102 and 103].  In the course of doing so I have

studied each of the documents attached as exhibits to the Complaint [##2-1 and 2-2] and to the

Amended Complaint [##35-1 through 35-10].  Finally, I have read the relevant Colorado statutes

and rules and key cases cited by the parties and the magistrate judge.

Based on that review, which I have conducted de novo even as to those parts to which no

specific objection was noted, I conclude that the magistrate judge's findings are well reasoned

and are supported by the documents attached to the two iterations of the complaint and by

plaintiffs' non-conclusory allegations of fact, construed in plaintiffs' favor, except for those

allegations that are contradicted by plaintiffs' own exhibits to their complaints.  I further

conclude that the magistrate judge's interpretation and application of Colorado law, including

Rules 105 and 120 of the Colorado Rules of Civil Procedure and reported judicial interpretations

of those rules, was correct.  In short, this Court finds that the 38-page recommendation was

thorough and thoughtful.  I cannot improve upon it.

In their objection plaintiffs take issue with the magistrate judge's inclusion of paragraphs 119, 120, 121 and 123 of the Amended Complaint in her list of allegations that "must be disregarded in whole or in part as containing unsupported assertions, conclusory statements or legal conclusions."  Recommendation [#94] at 21.  I do not agree with plaintiffs' criticism.  The magistrate judge specifically found that allegations contained within paragraphs 119 and 120 were contradicted by documents attached either to plaintiffs' Complaint or Amended Complaint.  Recommendation at 19 and at 20 n.11.  I agree.  Whereas plaintiffs alleged that "CNM" (Colonial National Mortgage, a division of Colonial Savings, F.A.) filed the motion for an order authorizing sale, the document shows that Colonial Savings, F.A. filed the motion.  Verified Motion [#35-8] at 1.  Although CNM is a division of Colonial Savings, F.A., the distinction is not technical; rather, it goes to which entity had the right as a "qualified holder" to file the motion, and in this instance it was Colonial Savings, F.A.  Paragraph 121 states legal conclusions.  Paragraph 123 repeats a conclusory allegation of the plaintiffs from an earlier document.

I note that in their Objection plaintiffs also rely on new information, namely, the Affidavit of William McCaffrey, said to be an expert in securitization of mortgage loans, and excerpts from Mrs. Wessler's 2011 1099A form.  These materials were not available to the magistrate judge.  Moreover, they go beyond the allegations of the Amended Complaint and the documents submitted by the plaintiffs as exhibits to the Complaint and Amended Complaint, which is what the magistrate judge appropriately considered in ruling on defendants' Rule 12(b)(6) motions.  Nevertheless, I conclude that the new materials, even if they were considered, would not change my view of the Recommendation.

The other arguments in the Objection were addressed in the magistrate judge's recommendation, and as indicated above, I agree with her analysis and conclusions. At bottom, as the documents reflect and the magistrate judge found, Mrs. Wessler executed a promissory note [#2-1] through which she financed the purchase of her home. It was secured by a deed of trust, as to which MERS was the beneficiary solely as nominee for the lender and its successors and assigns. At some point the lender transferred the note to Wells Fargo. *See* Allonge to Promissory Note [#2-1] at 4. Mrs. Wessler fell behind in her loan payments. At some point Wells Fargo endorsed the Allonge in blank. *Id.* The note came into the possession of Colonial Savings, F.A., which an attorney, consistent with Colorado law, confirmed to be a "qualified holder." [#35-2]. The security followed the note, resulting in Colonial Savings' pursuit of a Rule 120 foreclosure action in state court. The state court held a hearing and granted the qualified holder's motion for an order authorizing a foreclosure sale. Mrs. Wessler's interest in the property was extinguished when the property was purchased by Colonial Savings at a public trustee's foreclosure sale on September 1, 2011. The magistrate judge correctly followed and interpreted this chain of events, the result of which was her recommendation that the three motions to dismiss be granted. Plaintiffs' numerous arguments as set forth in their lengthy Amended Complaint (which goes well beyond factual allegations) and their several briefs are either contradicted by or are irrelevant to these core facts.

I cannot deny that paperwork authored by various individuals at the Colonial entities and Wells Fargo was confusing and sometimes seemingly ambivalent to the interests and inquiries of the plaintiffs. However, try as they might, the plaintiffs cannot elevate certain defendants' careless documentation of the chronology of the loan or efforts further to benefit themselves by securitizing the loan into an escape from the basic fact that plaintiffs (unfortunately like many

other homeowners in recent years) did not keep up with their loan payments and therefore lost their home.  The magistrate judge plainly invested a great deal of time and effort in this case and, in the process, skillfully separated the wheat from the chaff.

**Order**

1. Motion #38 is GRANTED.

2. Motion #60 is GRANTED.

3. Motion #79 is GRANTED.

4. Recommendation #94 is ACCEPTED AND ADOPTED.

5. The Court enters this order as its final written judgment dismissing this civil action with prejudice.

6. Defendants as the prevailing parties are awarded their reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and the procedure indicated in D.C.COLO.LCivR 54.1.

DATED this 28th day of November, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

5